Collette Stark
2175 Cowley Way
San Diego, CA 92110
(619) 347-0726

Plaintiff In *Pro Per*

**FILED**

Jan 15 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ soniad          DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark, an individual, | Civil Case No. **'21 CV 0089 BAS JLB** |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)] |
| Enrich Funding Corp, a Florida corporation; | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Joseph Amar, an individual, | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)] |
| Defendants. | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | 5. VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT [PC §632.7] |
| | **JURY TRIAL REQUESTED** |

Plaintiff Collette Stark ("Plaintiff"), an individual, hereby files her Complaint and alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.      Defendant Joseph Amar (herein "Amar") is the owner of Enrich Funding Corp, a Florida corporation and he is the sole shareholder, sole member, sole director and sole officer of said corporation.  Defendant Amar is the owner, administrator and user of www.enrichfunding.com.

2.      Defendant Amar ordered, commanded and directed his employee, Steve Rubin, at Enrich Funding Corp to call Plaintiff Collette Stark at her DNC protected cellular phone 619-347-0726, three times on January 14, 2021.  Plaintiff alleges that there were other calls prior to these calls because Defendants already had Plaintiff's name, business name and email address in their files and because the caller stated that they had spoken before.  Discovery will force Defendants to hand over the details on those prior calls.

3.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant Enrich Funding Corp, Defendant JOSEPH AMAR, an individual ("AMAR"), John Doe, an unknown individual ("Doe"), and ABC, Inc, an unknown corporation ("ABC, Inc"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's

cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy. The allegations herein are not plead inconsistently, but rather in the alternative. No Plaintiff in the history of the United States has ever had to plead exacting details in a TCPA complaint. The TCPA does not require such detail. Further, Defendants violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing call it made to Plaintiff without disclosing that such call was being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.

4.      The Honorable Chief Judge Dana Sabraw wrote, on 12/21/2020, that "pleadings are of limited importance in federal practice…" citing *RDF Media Ltd. V. Fox Broadcasting Co.*, 375 F.Supp.2d 556, 566 (C.D. Cal. 2005).

5.      Defendant JOSEPH AMAR is a person and has purposefully directed his activities into California in a knowing and intentional manner.

6.      JOSEPH AMAR is also the alter ego of Defendant Doe and Defendant Enrich Funding Corp. Moreover, Joseph Amar is vicariously liable under federal common law for the acts of Enrich Funding Corp that violate the TCPA.

7.      The Defendants use the following web page to run their telemarketing scam: www.enrichrunding.com.

8.      Defendant Enrich Funding Corp also used the following phone numbers to

PLAINTIFF STARK'S  INITIAL COMPLAINT- 3

21-CV

run Amar's scam: 786-254-5766 and 619-495-8932. The web pages and the domain ownership are masked.

9.     Enrich Funding Corp is also known as Enrich Funding and is located at 66 West Flagler Street, Suite 901, Miami, FL 33130.

10.    Defendants have violated California Business & Professions Code §17593 and §17591 by sending text messages to Plaintiff without prior written consent and without a pre-existing business relationship. Plaintiff seeks an injunction pursuant to said code sections to prohibit Defendants from violating the do not call provision of the FTC. See Section 310.4(b)(1)(iii)(B) of Title 16 of the Code of Federal Regulations.

## II. JURISDICTION & VENUE

11.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California. For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

12.    The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims. At present, the state law claims are grounded in CIPA violations. Plaintiff has also now formally put Defendant on notice of Cal. Civ. Code §

1798.150 and will seek leave to amend the causes of action after the 30 day grace period.

13.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

14.     This Court has personal jurisdiction over Enrich Funding Corp, JOSEPH AMAR and ABC, Inc as well as John Doe because a substantial part of the wrongful acts alleged in this Complaint were committed in California.  For example, JOSEPH AMAR, through its subsidiary ABC, Inc, made illegal telemarketing robocalls to Ms. Stark, with area code 619, while she was in California.   JOSEPH AMAR, ABC, Inc and Doe have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.

15.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

16.     Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

### III.  PARTIES

17.     Plaintiff, Collette Stark ("Plaintiff"), is an individual and resident in

California.

18.    Defendant JOSEPH AMAR is a merchant cash advance lender, and is a "person" as defined by 47 U.S.C. § 153 (39).

19.    Defendant Enrich Funding Corp is a loan brokering company, and is a "person" as defined by 47 U.S.C. § 153 (39).

20.    Defendant John Doe is an individual, and is a "person" as defined by 47 U.S.C. § 153 (39).

21.    The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  Each has blurred the lines of owner and legal separateness to be now considered as one unit.  Further, these said above named defendants, and each of them, have conspired and planned with each other to violate the TCPA and CIPA.  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

22.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants

and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Each Defendant controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that each Defendant required its agent to record each telemarketing call, including the calls listed below that were made to Plaintiff.

## VI.  FACTUAL ALLEGATIONS

23.    Plaintiff has received a confirming email from Defendant Enrich Funding:

Good afternoon,
It was a pleasure speaking to you today. Below you will find the complete list of what is needed in order to submit a complete application via the different funding channels I will submit through. I have attached a copy of the Application in pdf format and e-sign via docusign.
Enrich offers lines of credit, term loans, reverse consolidation, factoring and many other programs. Applying for a business loan these days can take upto 6 weeks,for you to receive funding, You've got better things to do then this! With Enrich Funding you can get funding within just a few hours.

Current term loans upto $150,000 @ 3.75%12 month defirmerment.

Don't miss out! Please feel free to contact me if you have any questions or concerns.

This is what we'll need in order to complete your loan application process:

1. Application- from the attachment below. one was also send via docusign from Partners@enrichfunding.com
2. 4 months of bank statements

3. Drivers license

Thank you,

Fred Nunez
C. 786-599-3447
F. 305-928-1125
www.Enrichfunding.com

Website - https://enrichfunding.com

Reviews - https://www.trustpilot.com/review/enrichfunding.com

24.     On January 14, 2021, Defendant Enrich Funding Corp, contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -0726, in an attempt to solicit Plaintiff to engage Defendant's loan services.  Fred was the name the person on the phone gave as his personal name.   Defendant used a pre-recorded message at the beginning of the call which directly violated Civil Code §1770(a)(22)(A).  Plaintiff gives notice of and reserves the right to amend this complaint as soon as discovery proves that Defendant has also violated Civil Code §1770(a)(22)(A).

25.     Defendant AMAR used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone.

26.     Each named Defendant is being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5) and PC §§632.7 and 637.2.

PLAINTIFF STARK'S  INITIAL COMPLAINT- 8

21-CV

27. JOSEPH AMAR is an officer of Defendant Enrich Funding Corp, and ABC, Inc.

28. JOSEPH AMAR is an owner of Defendant Enrich Funding Corp and ABC, Inc.

29. Defendant has failed to obtain a bond as required of all telephone sales organizations in California.

30. Enrich Funding Corp has been sued for TCPA violations in the past.

31. JOSEPH AMAR is illegally doing business in California.

32. Enrich Funding Corp has failed to register as a telemarketer in California with the California Department of Justice.

33. Defendant Enrich Funding Corp has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

34. JOSEPH AMAR exerts control over their third party telemarketing lead source.

35. JOSEPH AMAR began harassing Plaintiff on or about September 30, 2020 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again.

36. Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

37. Defendant Enrich Funding Corp also called Plaintiff from the 619 number

21-CV

on January 14, 2021 at or around 12:54 PM. Plaintiff did not consent to, nor give

permission for, the subsequent call made by Defendants to Plaintiff.

38.     Often telemarketers higher controlled third parties to do their initial illegal

calling in violation of the TCPA. The initial lead source always plays coy and will

not divulge who they are or who they are working for. That in and of itself is a

violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC

§227(c)(5). The only way that Plaintiff can find out who the TCPA violator is, is

to fain interest and "play along" on the call as the telemarketer reads the script and

illegally records the responses so they can sell the lead to Defendant JOSEPH

AMAR

39.     Further, consent must be in writing and signed by the person called.

Plaintiff did not sign any consent to be called.

40.     The Honorable District Judge Kenney stated on May 1, 2019 in case number

18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this,

this act is going to get any teeth in it at all is through a serial litigant."

41.     Judge Kenney was referring to the TCPA when he made this above

statement on the record.

42.     Defendant directly called Plaintiff on her DNC registered cell phone in

violation of the TCPA.

43.     Defendants and their agents made the following illegal calls to Plaintiff on

her cell phone ending in -0726.

44.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant JOSEPH AMAR.

45.     JOSEPH AMAR, Enrich Funding Corp, ABC, Inc and Doe have been illegally calling Ms. Stark, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Ms. Stark brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage JOSEPH AMAR, to change their ways.   Plaintiff is suing JOSEPH AMAR, ABC, Inc and Doe for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed called to Plaintiff cell phone.

46.     Amar instructed his employee-agent to make the calls complained of herein which satisfies the requisite control to warrant vicarious and respondeate superior liability for Amar.

47.     Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff  seeking to solicit its services.

48.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

49.     During all relevant times, Defendants did not possess Plaintiff's "prior

PLAINTIFF STARK'S  INITIAL COMPLAINT- 11

express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A). At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

50.     Further, Plaintiff's cellular telephone number ending in -0726 was added to the National Do-Not-Call Registry on or about February 13, 2007.

51.     Defendants placed multiple calls soliciting its business to Plaintiff on her cellular telephone ending in -0726 in or around December 2019 and continuing through January 15, 2021.

52.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

53.     Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

54.     Defendants continued to call Plaintiff on its telephone number -0726 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

55.     Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendants failed to

establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

56.     Plaintiff was harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff via her telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

57.     Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

58.     Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

59.     Donna, on behalf of Enrich Funding Corp, ABC, Inc and JOSEPH AMAR, admitted on the last call that all calls that he made to Stark were recorded and that he could send Stark a copy of those recorded calls, none of which had any disclosure or warning of the fact of recording.

60.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

PLAINTIFF STARK'S  INITIAL COMPLAINT- 13

61.    The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

62.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

## V. STANDING

63.    The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

64.    Standing is proper under Article III of the Constitution of the United States

of America because Plaintiff's claims state:

A valid injury in fact;

which is traceable to the conduct of Defendants;

and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

65.   Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on her cellular phone at least seventeen times by Defendants.  In fact, Plaintiff expressly informed Defendants to cease and desist from all future telemarketing on the very first call. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well,

PLAINTIFF STARK'S  INITIAL COMPLAINT- 15

Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by JOSEPH AMAR   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendants and Plaintiff's attempt to avoid the damage by registering her number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

66.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendants directly, or by Defendant's agent at the express direction and control of Defendants.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

67.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

68.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible

injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

69.     Here, Plaintiff alleges that Defendant JOSEPH AMAR and Defendant ABC, Inc contacted her using a "telephone dialing system."  This is insufficient standing alone, but as in *Amarrkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements:  they advertise Defendant JOSEPH AMAR's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that she has never heard of Defendant JOSEPH AMAR, visited any location operated by said

Defendant prior to the harassing and annoying calls, nor provided her cellular telephone number to said Defendant or consented to receive calls from Defendant. Plaintiff also has had no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendant JOSEPH AMAR nor has she ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages illegally and in direct violation of the TCPA.

70.     In Plaintiff's case, the allegations establish that she did not give prior express consent. She declared that she was "the regular user and subscriber to the cellular telephone number at issue." She also declared that she has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Amarrkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages, nor to use an ATDS.

## **FIRST CAUSE OF ACTION**

### **Negligent Violations of the Telephone Consumer Protection Act**
### **47 U.S.C. §227(b).**

71.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

72.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

73.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

74.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

75.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

76.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

77.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for

each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

78.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

79.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

80.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

81.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

82.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

83.     Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-70.

84.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

85.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and  every violation, pursuant to 47 U.S.C. §227(c)(5).

86.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

87.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

88.    The foregoing acts and omission of Defendants constitute numerous and multiple knowing and/or willful violations of CPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

89.    As a result of Defendant's knowing and willful violation of CIPA sections

PC §632 et seq, including PC §632.7, Defendants owe Plaintiff $5,000 per call.

90.    Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit Defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, joint and severally, for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act
### PC §632.7 and PC §637.2

- $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the call.
- Defendant's willful, knowing and intentional recording of Plaintiff on Plaintiff's cellular phone using the wires of the United States devoid of consent and disclosure.
- For Defendant's violation of California Penal Code §632, et seq.
- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 15th day of January, 2021.

/S/ Collette Stark
Collette Stark, Plaintiff

# Exhibit A

DocuSign Envelope ID: E9DDE26D-C67D-4E53-847B-C10EC641E086

**ENRICH**
F U N D I N G

AGENT  NAME :

Enrich Funding Application Form

66 West Flagler Street #973, Miami FL, 33130
Tel & Fax: 786-254-5766

afsubs@enrichfunding.com
www.enrichfunding.com

## BUSINESS INFORMATION

| | |
|---|---|
| Legal / Corporate name _____ | DBA: |
| Credit Rating: _____ | Email Address: |

| | | |
|---|---|---|
| Business Telephone # | Cell phone # | Federal Tax ID#: |
| Date Business Started _____ Years In Industry | Type of Entity: LLC / C-CORP/S-CORP/INC | Website: |

**APPLIED FOR SBA / EIDL?**     Y     N

*IF YOU HAVE ALREADY APPLIED FOR THIS THE FILE WILL AUTOMATICALLY GET DENIED

Current Outstanding loans:

Type of Business/Description:                          Product/Service Sold:

## BUSINESS OWNER INFORMATION

| | | |
|---|---|---|
| Principle Name | Title: | Ownership % |
| Business Address: | City | State     Zip |
| SSN: | Date of Birth:     Home# | Cell# |

## BUSINESS OWNER INFORMATION

| | | |
|---|---|---|
| Partner Name | Title: | Ownership % |
| Home Address: | City: | Zip: |
| SSN: | Date of Birth:     Home# | Cell# |

## BACKGROUND INFORMATION

| | | |
|---|---|---|
| Are there any Federal and/or State Taxes past due? | Yes or No | If Yes, please explain: |
| Are there any Federal and/or State Tax lien(s)? | Yes or No | If Yes, please explain: |
| Has this Company or its Principals ever filed for bankruptcy? | Yes or No | If Yes, please explain: |
| Are you a U.S Citizen? Specify other:_____ | Yes or No | Place of birth: |
| Any open Judgements? | Yes or No | If Yes, please explain: |

## BUSINESS FINANCIAL INFORMATION

| | | |
|---|---|---|
| 2019 Gross Revenue: _$_____ 2019 Annual Expenses: _$_____ 2019 Cost of Goods: _$_____ # Of Employees as of 01/01/2020: _____ | Did you file your 2019 Business Tax returns yet? Y   N | Funding Amount Desired: $_____ ($150,000 Maximum) |

Description for use of expansion Capital
•
•
•

| | |
|---|---|
| Current Monthly gross Revenue: _$_____ Do you accept Credit Card Payments?   Y   N How much of your volume is transacted by Credit or debit Card payments? _$_____ Do you offer financing to your clients?    Y   N Does your business require any Equipment Funding solutions? Y   N Are you or your business in the process or will be of Applying for a Residential or Commercial Mortgage?    Y    N | ***Leave this part blank FOR INTERNAL ADMIN USE ONLY: LEAD NAME: _____ T.I.B _____ MONTHLY DEPOSITS _____ |

Logged

# Exhibit B

 **Gmail**

Doe John <sddronevideos@gmail.com>

## SD Drone Videos
1 message

**Fred Nunez** <nunez@enrichfunding.com>
To: sddronevideos@gmail.com

Thu, Jan 14, 2021 at 1:08 PM

Good afternoon,

It was a pleasure speaking to you today. Below you will find the complete list of what is needed in order to submit a complete application via the different funding channels I will submit through. I have attached a copy of the Application in pdf format and e-sign via docusign.

Enrich offers lines of credit, term loans, reverse consolidation, factoring and many other programs. Applying for a business loan these days can take upto 6 weeks,for you to receive funding, You've got better things to do then this! With Enrich Funding you can get funding within just a few hours.

Current term loans upto $150,000 @ 3.75%12 month defirmerment.

Don't miss out! Please feel free to contact me if you have any questions or concerns.

This is what we'll need in order to complete your loan application process:

1. Application- from the attachment below. one was also send via docusign from Partners@enrichfunding.com
2. 4 months of bank statements
3. Drivers license

**Thank you,**

**Fred Nunez**
**C. 786-599-3447**
F. 305-928-1125
www.Enrichfunding.com

**Website - https://enrichfunding.com**

Reviews - https://www.trustpilot.com/review/enrichfunding.com



# Exhibit C

 Q Search 🏠 👥 2 💼 💬 99+ Try Premium Free for 1 Month

**Joseph Amar**
CEO at Enrich Funding Corp

🔒 Message      More...



🔒 Message

# Joseph Amar · 3rd

## CEO at Enrich Funding Corp

Miami-Fort Lauderdale Area · 500+ connections · Contact info

Enrich Funding Corp

 Dawson College

## About

locally based and rapidly evolving direct lending firm. We assist small and moderate sized businesses and quick working capital for their various needs. These needs range from help opening up a new location, assistance in purchasing new equipment, or simply obtaining funds to bolster their day-to-day activities. Our clients h    ... s

## Activity

868 followers

**I wonder what the lending/MCA landscape will look like under the Biden administratic already know the tax code looks gloomy. Thoughts????**

Joseph shared this

See all activity

## Experience

Messaging   ··· ^

   Search

**Joseph Amar**
CEO at Enrich Funding Corp



**Region Capital LLC**
2 yrs 10 mos

**Direct lender**
Feb 2016 – Nov 2018 · 2 yrs 10 mos
Miami/Fort Lauderdale Area

|  |  |
|---|---|
|  | Home |

**Direct Lender**
Feb 2016 – Nov 2018 · 2 yrs 10 mos
Miami/Fort Lauderdale Area

**Day Trader**
world trade securities
May 2011 – May 2013 · 2 yrs 1 mo
Miami/Fort Lauderdale Area

Day trader

## Education

 **Dawson College**
Bachelor's degree, Social Sciences

## Licenses & certifications

**Realtor**
Credential ID 3305260

**mortgage broker**

Messaging     

 Q Search

**Joseph Amar**
CEO at Enrich Funding Corp

## Skills & endorsements

**Sales · 7**

**Paul A. Damiano and 6 connections** have given endorsements f(

**Management · 4**

**Sean Lando and 3 connections** have given endorsements for thi

**Investments · 2**

 Endorsed by **Mark Palomba, w**ho is highly skilled at this

Show more

## Accomplishments

4  **Languages**
   English • French • Hebrew • Spanish

## Interests

  **Mark Cuban**
President
6,414,560 followers

  **Tony Robbins**
#1 New York Times best-selling author, life and bu:
6,315,010 followers

 **DataMerch LLC**
25 followers

 **Kevin O'Leary**
Chairman, O'Shares Investments & Beanstox
2,759,735 followers

Messaging    ···    ∧



**Joseph Amar**
CEO at Enrich Funding Corp

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS126940
Cashier ID: asepulve
Transaction Date: 01/15/2021
Payer Name: COLLETTE STARK
------------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: COLLETTE STARK
 Case/Party: D-CAS-3-21-CV-000089-BAS
 Amount:      $402.00
------------------------------------
CHECK
 Check/Money Order Num: 5198
 Amt Tendered:  $402.00
------------------------------------
Total Due:       $402.00
Total Tendered: $402.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.
```